[Crim. No. 1472.   Fourth Dist.   June 21, 1961.]

THE PEOPLE, Respondent, v. JOSEPH W. TURNER, Appellant.

Harelson, Enright, von Kalinowski & Levitt and William B. Enright for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The issue on this appeal concerns the right of the above-named defendant, after termination of his period of probation, to an order permitting him to withdraw his plea of guilty and enter a plea of not guilty, and dismissing the accusations against him, as required by section 1203.4 of the Penal Code, which provides in part as follows:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, . . . shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; . . . and . . . the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. . . ."

The defendant, who is the appellant herein, by information was charged with a violation of section 337a, subdivision 2, of the Penal Code, i.e., keeping or occupying a place with

paraphernalia for recording bets; entered a plea of guilty thereto; and applied for probation. The probation officer filed a report, as required by law, and thereafter the court granted the defendant's application for probation; the term thereof was set at three years; and the conditions thereof included the following: to abstain from violating any law and from engaging in any criminal or unlawful practices; not to associate with bookmakers or gamblers; and to conduct himself in all respects as a reputable and law-abiding citizen.

The probation order was made on July 29, 1957. Fourteen months later, i.e., on October 24, 1958, the probation officer filed a supplemental report which contained information supporting the conclusion that the defendant had been involved in gambling activities and recommended that he be ordered to show cause why his probation should not be revoked for failure to comply with its terms. A hearing followed the filing of this report at which the court indicated its belief that the defendant had violated the law, but continued him on probation, prescribing additional terms. In April 1960 the defendant moved that he be discharged from probation; the probation officer filed a report in connection therewith; a hearing was had thereon; and the motion was denied.

The three-year probation period expired on July 28, 1960. On September 14th of that year the defendant filed a notice of his intention to move "for an order dismissing information against probationer, and for expunging the record," in which he recited that his motion would be made pursuant to the provisions of section 1203.4 of the Penal Code and that it would be based on his affidavit, "on all of the files, papers and proceedings herein, and oral and documentary evidence to be presented." His affidavit stated that he had "faithfully performed all the conditions of his probation." At the hearing upon this motion the court caused the October 24, 1958, supplemental report of the probation officer to be marked as an exhibit, and the defendant requested that a transcript of the proceedings which considered this report also be admitted in evidence. The defendant was present at the hearing upon his motion but did not testify. The court concluded that he had not complied with his terms of probation and denied the pending motion.

From the order of denial the defendant takes this appeal, contending that the provisions of section 1203.4 are mandatory; that the matter presented by his motion did not involve an exercise of discretion; and that the court was

required to grant the same, citing *People* v. *Johnson,* 134 Cal.App.2d 140 [285 P.2d 74]. The defendant in the cited case had satisfactorily completed his term of probation; violated the law seven months after the termination thereof; thereafter, moved for the relief afforded by section 1203.4, which was denied; and, on appeal, the order of denial was reversed because the trial court in ruling thereon erroneously considered the conduct of the defendant which occurred after his probation had terminated. The defendant in the instant case does not bring himself within the requirements of section 1203.4 or the case which he cites. His contention presents a false issue. The determinative question on appeal here is whether the evidence supports the finding of the trial court, implicit in the order of denial, that the defendant has not "fulfilled the conditions of his probation for the entire period thereof." (Pen. Code, § 1203.4.)

The subject motion was based on all of the files, papers and proceedings in the case. Among these was the October 24, 1958, supplemental report of the probation officer from which the court was entitled to conclude that, during the course of his probation, the defendant had engaged in illegal gambling activities; had participated in poker games in which two of the participants claimed they had been cheated, respectively, of $3,000 and $1,250; that the poker player who had lost $3,000 gave a check therefor to one of the men in the party which included the defendant as a player and, when his request to return the check was refused, threatened to go to the grand jury about the matter, but was dissuaded from doing so by the defendant who pleaded with him not to do this because he, the defendant, was on probation and if the court found out about his gambling he might go to jail, and thereupon he persuaded his companion to return the check to its maker and it was destroyed; that the defendant had been engaged in poker playing in homes and motels on other occasions; and that he had only a short period of employment during his probationary period, and was unemployed at the time of the filing of this supplemental report. At the hearing in connection with this report, it developed that a gambling friend and former gambling associate of the defendant put up $2,500 bail for him. The original report of the probation officer showed that the defendant previously had been arrested and fined for gambling offenses on eight occasions, but indicated a change in his attitude by relating that the defendant "states he is sick and tired of gambling of any sort and

that he desires to go into the restaurant business''; nevertheless, within a year, the defendant seemed to have recovered from this sick and tired feeling.

Under the time-honored rule requiring us to accept as true whatever substantial evidence was presented to the trial court, including the inferences reasonably deducible therefrom, which will support the findings implicit in and essential to its order (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 507-508 [289 P.2d 476, 47 A.L.R.2d 1349]; *Martinez* v. *Southern Pacific Co.,* 45 Cal.2d 244, 248 [288 P.2d 868]; *Murray* v. *Superior Court,* 44 Cal.2d 611, 619 [284 P.2d 1]; *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *People* v. *Savin,* 37 Cal.App.2d 105, 108 [98 P.2d 773]), it is apparent that the evidence in this case establishes that the defendant, during the term of his probation, violated the law (Pen. Code, § 330), engaged in unlawful practices, associated with gamblers and did not conduct himself in all respects as a reputable and law-abiding citizen.

The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation. The fact that the court did not revoke defendant's probation at the time the information contained in the probation officer's supplemental report was presented to it, did not constitute a determination that he had not violated its terms. Whether probation should be revoked for failure to comply with the terms thereof is a matter subject to the court's discretion (*In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445]; *In re Larsen,* 44 Cal.2d 642, 645-646 [283 P.2d 1043]; *People* v. *Williams,* 24 Cal.2d 848, 853-854 [151 P.2d 244]; *People* v. *Lippner,* 219 Cal. 395, 400 [26 P.2d 457]), and an order continuing the same after a showing of violation does not necessarily establish that the showing made was false. The proceedings before us indicate the contrary. Impliedly the court found that the defendant had not fulfilled the conditions of his probation for the entire period thereof. Under these circumstances he was not entitled to the relief he asked for, and the order of the court denying his motion was proper.

The order is affirmed.

Griffin, P. J., and Shepard, J., concurred.