[No. A049700. First Dist., Div. Three. Jan. 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GREG ANTHONY HAWLEY, Defendant and Appellant.

248

**COUNSEL**

Glen L. Hauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—Greg Hawley appeals from an order denying his petition for expungement of his conviction after he was discharged prior to the termination of the period of his probation. (Pen. Code, § 1203.4.)[1] He contends the trial court had no discretion to deny the petition. ■ ■■ ■ We agree and reverse the order.[2]

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] The order is appealable as an order made after judgment affecting the substantial rights of the defendant. (*People* v. *Chandler* (1988) 203 Cal.App 3d 782, 787 [250 Cal.Rptr. 730]; § 1237, subd. (b).)

## I

### FACTS

Hawley pled guilty to one count of nonforcible sodomy with a person under the age of 18. (§ 286, subd. (b)(1).) On June 4, 1987, he was sentenced to five years' probation conditioned on his serving nine months in county jail through the work furlough program. Hawley was unable to find employment with an employer willing to report to the work furlough program and was released on his own recognizance. Within a week of his release, Hawley was arrested for burglary, but the victim declined to prosecute. About a month later, Hawley was arrested for driving under the influence (Veh. Code, § 23152, subd. (a)) but no charges were filed due to lack of evidence. Nevertheless, the probation officer recommended that Hawley's probation be modified to require that he be placed in custody to serve his jail time. The trial court remanded Hawley to the custody of the sheriff and imposed an additional three months to the nine-month jail term previously imposed, but otherwise continued probation.

Five months later, Hawley received a favorable probation progress report. Some 20 months after that, the probation officer filed another favorable progress report. The report noted Hawley had remained arrest-free for two and one-half years, had paid his restitution fine in full, and had successfully completed his course of therapy. Hawley's therapist indicated there was no danger Hawley would "re-offend" as a molester, and concluded continued counseling was unnecessary. Finally, the report noted Hawley's performance on probation had been "outstanding," and recommended that the term of probation "be modified so that it would terminate as of the date of this hearing" on the motion to terminate. At the December 26, 1989, hearing on the motion, the probation officer stated "This is on for early termination." The court responded "Probation will terminate." Nothing else was said at the hearing. Thus, Hawley's probation was terminated after he had completed only about one-half of the original five-year period.

Shortly thereafter, Hawley petitioned the court for "release from penalties and dismissal" under section 1203.4. The court denied the petition on the sole ground that the "nature of the offense is just too serious." This timely appeal followed.

## II

### DISCUSSION

Section 1203.4 provides that a defendant who "has fulfilled the conditions of probation for the entire period of probation, *or* has been

discharged prior to the termination of the period of probation" (italics added) is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed. (*People* v. *Chandler, supra,* 203 Cal.App.3d at p. 782.) If the petitioner establishes either of the necessary factual predicates, the trial court *is required* to grant the requested relief.[3] (*People* v. *Butler, supra,* 105 Cal.App.3d at p. 587; *People* v. *Johnson* (1955) 134 Cal.App.2d 140, 144 [285 P.2d 74].)

In light of his rocky start on probation, Hawley concedes he did not "fulfill[] the conditions of probation for the entire period of probation" as required by the first clause of section 1203.4. Instead, he contends he "has been discharged prior to the termination of the period of probation" and is consequently entitled to the relief he seeks as a matter of right under the second clause of section 1203.4. We agree.

The People concede, as they must, that Hawley is entitled to relief as a matter of right if he has "been discharged prior to the termination of the period of probation." However, they attempt to draw a distinction between "discharge prior to the termination of the period of probation" and the situation here where probation was *terminated* before the original term had expired. We believe this is a distinction without a difference. In *People* v. *Butler, supra,* 105 Cal.App.3d 585 the appellate court granted mandatory relief under the second clause of section 1203.4 where the court "terminated probation" three months before an extended period of probation expired. (*Id.,* at p. 587.) This is the precise situation which confronts us here.[4]

The primary case the People rely on simply does not support their position. In that case—*People* v. *Bradley* (1967) 248 Cal.App.2d 887 [57 Cal.Rptr. 82]—the trial court terminated probation early after the defendant had fulfilled the conditions of probation. The trial court denied the defendant's section 1203.4 petition, but the appellate court reversed, stating "[a]s defendant here had successfully completed his probationary period, he was entitled to a dismissal." (*Id.,* at p. 890.) The People contend that this case supports their position because the appellate court relied on the first clause of section 1203.4 rather than the second clause. We disagree. First, it is unclear which mandatory clause of section 1203.4 the *Bradley* court relied on. Second, even if we assume they relied on the first clause, this

---

[3] In addition, the statute allows a trial court to grant relief in any case which "in its discretion and the interests of justice" it determines relief to be proper. This relief is discretionary. (*People* v. *Butler* (1980) 105 Cal.App.3d 585, 587 [164 Cal.Rptr. 475].)

[4] We note also that the court's observation regarding the seriousness of the original offense was wholly irrelevant to the issue before it. (See *People* v. *Johnson, supra,* 134 Cal.App.2d at pp. 143-144.)

merely means they did not consider application of the second clause, and consequently expressed no opinion concerning it.

Moreover, the People have utterly failed to explain by way of example or otherwise what the practical difference is between a "discharge prior to the termination of the period of probation" and termination of probation before the original term has expired. Indeed, the standard clerk's form for probation matters used by the Alameda Superior Court does not contain a standard entry for "discharge prior to the termination of the period of probation." Instead, the only standard entry regarding termination provides that the probation is "Modified and TERMINATED." In short, we see no practical difference between a "discharge prior to the termination of the period of probation" and termination of probation before the original term has expired.

## III

### DISPOSITION

The order denying Hawley's petition for relief under section 1203.4 is vacated and the superior court is directed to enter a new order granting the requested relief.

Merrill, J., and Strankman, J., concurred.