[No. D047774. Fourth Dist., Div. One. Mar. 23, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JANET M. BRADUS, Defendant and Appellant.

COUNSEL

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Marvin E. Mizell and Maxine Cutler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HUFFMAN, Acting P. J.—Janet M. Bradus appeals from an order denying her petition to expunge a 1999 drug conviction following termination of her probation. (Pen. Code, § 1203.4.)[1] She contends relief under section 1203.4 must be granted because she fulfilled the conditions of her probation as required by law and the trial court essentially erred in denying her petition based on outstanding attorney fees and costs of probation that are not conditions of probation or requirements for section 1203.4 relief. We agree and reverse the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 1999, as part of an agreement which dismissed one count of transporting more than 28.5 grams of marijuana (Health & Saf. Code, § 11360,

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

subd. (a); count 1), Bradus pleaded guilty to possessing marijuana for sale (Health & Saf. Code, § 11359; count 2). The trial court thereafter suspended imposition of sentence and placed Bradus on three years' formal probation on specific terms and conditions, including 21 days in custody and the payment of fines and restitution set forth in the presentence order. After Bradus reviewed the presentence order and agreed to its terms, the court signed the formal order granting probation. The court required that Bradus pay a fine of $400, including penalty assessment; a $400 restitution fine under section 1202.4, subdivision (b); a $50 laboratory analysis fee; and a $150 drug program fee. These amounts were to be paid at a combined rate of $50 per month beginning 60 days after Bradus's release from custody.[2] The written order granting probation also ordered Bradus to pay appointed attorney fees in the amount of $507, and to pay certain costs of probation. With regard to these costs, the order specifically stated: "You are ordered to cooperate with the Probation Officer or authorized representative as directed in the preparation of financial evaluations. If it is determined that you have present ability to repay the county for costs of the presentence investigation and/or costs of probation supervision, and you do not agree with such determination, you have a right to a hearing before the court to determine your present ability. Failure to cooperate with the financial evaluation will be deemed a waiver of your right to such hearing, and a civil judgment will be entered against you for the amount of funds expended for the above services. These costs are presently set at $869.00 for the presentence investigation and $56.00 per month for probation supervision."

On September 2, 2005, after completing her probationary period, Bradus's attorney filed a petition under section 1203.4 requesting "the Court set aside [Bradus's 1999 conviction,] enter a plea of not guilty, and order the charge[] dismissed." Relief was requested based upon Bradus having completed her three years of probation on November 16, 2002, and having "fulfilled the conditions of probation for the entire period of probation." In response, the probation department filed an investigation report stating that Bradus was not eligible for the relief requested because the records check with "Revenue and Recovery" showed she still "owes $481.00 [in] fines, $507.00 [in] attorney fees, along with probation costs of $1,897.00 for a total of $2,885.00."

At the hearing on the matter, Bradus's attorney advised the court that Bradus, who lived out of state, had paid off the fines of $481, and that he had

---

[2] The court orally stated Bradus would start paying the fees and fines 60 days from the hearing date.

a faxed copy from the San Diego County Department of Revenue and Recovery showing she had paid such fines. Although conceding "there are attorneys' fees and probation costs outstanding," counsel noted "those are not conditions of probation" and asked the court "to grant the [section] 1203.4 relief." The People submitted the matter.

The court denied Bradus's petition, stating, "The request is denied as the attorney fees and probationary costs are typically required before relief can be granted." When Bradus's counsel asked what the court meant "[w]hen the court [said] 'typically required,' " the judge replied, "I am requiring her to pay the attorneys' fees and costs before we grant the [section] 1203.4 relief."

## DISCUSSION

On appeal, Bradus contends the trial court improperly denied relief under section 1203.4 because she had satisfied the statutory requirements by fulfilling the conditions of her probation for the entire probationary period, and as a matter of law the reimbursement of the costs of probation and appointed attorney fees are not conditions of probation on which the court can properly deny such relief. Bradus additionally attacks the validity of the appointed attorney fees order as a purported probation condition on grounds it was apparently added after the probation and sentencing hearing.[3]

Although conceding that appointed attorney fees and costs of probation cannot be conditions of probation, the People counter that the court's denial was proper because the attorney fees and costs of probation are orders legislatively authorized, Bradus still owed $481 in fines, and "[t]he rehabilitative purposes of probation would be ill served if [Bradus] could have her conviction expunged without first complying with the court's orders to pay reasonable fines and assessments lawfully imposed. (*People v. Covington* [(2000)] 82 Cal.App.4th [1263, 1270] [98 Cal.Rptr.2d 852].)" The People further argue that Bradus's failure to object to the attorney fees order at the hearing or during her probationary period forfeits her right to challenge that order at this time.

As we explain, the trial court erred as a matter of law in denying Bradus's petition for relief under section 1203.4. Preliminarily, however, we make

---

[3] In support of this argument, Bradus augmented the record to show that the recommended probation order she had reviewed with her counsel did not have appointed attorney fees checked even though the subsequently filed order for attorney fees was checked.

several observations. Contrary to the People's representations, the record shows that Bradus had no outstanding fines at the time of the hearing on her petition, as evidenced by a fax from San Diego County Department of Revenue and Recovery that she had paid the $481 in fines. Also, we believe the People have misconstrued Bradus's additional argument concerning the attorney fees order. She does not dispute that such fees are outstanding. Nor does she dispute the fact that probation costs are outstanding. Bradus merely argues such fees and costs are not conditions of probation which must be fulfilled before section 1203.4 relief is granted.

Returning to the issue before us, we note that subdivision (a) of section 1203.4 provides in pertinent part that "[i]n any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, . . . the defendant shall, at any time after the termination of the period of probation, . . . be permitted by the court to withdraw . . . her plea of guilty . . . and enter a plea of not guilty; . . . and, . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, . . . she shall thereafter be released from all penalties and disabilities resulting from the offense of which . . . she has been convicted : . . ."

■ "[A] defendant moving under . . . section 1203.4 is entitled as a matter of right to its benefits upon a showing that [she] 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788 [250 Cal.Rptr. 730] (*Chandler*); see also *People v. Hawley* (1991) 228 Cal.App.3d 247, 249–250 [278 Cal.Rptr. 389] (*Hawley*).) " 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' [Citation.]" (*Chandler, supra*, 203 Cal.App.3d at pp. 788–789.)

■ Although the trial court is statutorily authorized to make respective orders for the payment of appointed attorney fees and for the costs of probation, depending on a defendant's ability to pay, such costs and fees cannot legally be imposed as conditions of probation. (§§ 987.8, 1203.1b; *People v. Flores* (2003) 30 Cal.4th 1059, 1067, fn. 5 [135 Cal.Rptr.2d 63, 69 P.3d 979]; *People v. Hart* (1998) 65 Cal.App.4th 902, 906–907 [76

Cal.Rptr.2d 837].) The costs of probation imposed for preparation of the probation report and of supervising probation "may not be a condition of probation as the costs are collateral and [section 1203.1b] itself provides for enforcement of the order by civil collection." (*Hart, supra*, 65 Cal.App.4th at p. 907; see also *People v. Washington* (2002) 100 Cal.App.4th 590 [122 Cal.Rptr.2d 740] (*Washington*).) Attorney fees are constitutionally proscribed as probation conditions because they would "exact[] a penalty for the exercise of a constitutional right. Thus, the trial court may order defendant to pay for costs of probation and attorney fees, but may not condition defendant's grant of probation upon payment thereof." (*Hart, supra*, 65 Cal.App.4th at p. 907.) Orders for appointed attorney fees and for probation costs are merely entered at the time of judgment and sentencing and "may be enforced as permitted in the relevant statutes."[4] (*Hart, supra*, at p. 907.)

Here, it was established at the hearing that Bradus had fulfilled all the conditions of her probation, including the payment of the $481 in fines initially noted as outstanding by the probation investigative report that was filed in response to her petition. No evidence against relief under section 1203.4, except for the mention of the outstanding attorney fees and costs of probation ordered, was presented to show that Bradus's three-year period of probation had been revoked or extended, that she had committed any new offenses, or that she had faced any charges for contempt in violating the conditions of her probation. Because her original grant of probation was in "effect a bargain made by the People, through [the] Legislature and [the] courts, with [her]," whereby she was, in essence, told that if she complied with the requirements of probation, she "may become reinstated as a law-abiding member of society" (*People v. Johnson* (1955) 134 Cal.App.2d 140, 143 [285 P.2d 74]), and the evidence showed Bradus had fully performed her part of the bargain by satisfying the statutory requirement of section 1203.4 that she fulfill " 'the conditions of probation for the entire period,' " the trial court had "no discretion but to carry out its part of the bargain with [Bradus]. [Citation.]" (*Chandler, supra*, 203 Cal.App.3d at p. 788.) In other words, the trial court had an obligation to keep its end of the bargain, that is, to remove the blemish of a criminal record by granting Bradus's motion under section 1203.4. (*Chandler, supra*, 203 Cal.App.3d at p. 789.)

---

[4] To impose an order for appointed attorney fees or for probation costs, the trial court must follow the statutory procedures outlined in sections 987.8 and 1203.1b. Generally, after the criminal proceedings are completed (and not as a part of sentencing), the court holds a hearing to determine the defendant's present ability to pay attorney fees and the probation costs. (§§ 987.8, 1203.1b.)

Despite this straightforward authority and the earlier noted concession that the orders for attorney fees and probation costs are not conditions of Bradus's probation, the People argue those outstanding orders for payments by Bradus were nonetheless proper grounds for the trial court to deny her petition for relief under section 1203.4. The People argue that it would ill serve the rehabilitative purposes of probation if Bradus could have her conviction expunged without first complying with the court's orders to pay appointed attorney fees and costs of probation. In essence, the People are asking us to analogize such legislatively authorized fees and costs to fines and assessments which are lawfully imposed as conditions of probation. To do so, however, is clearly improper in light of the above established law.

■ We recognize that section 1203.1b and other recoupment statutes reflect a strong legislative policy in favor of shifting costs arising from criminal acts back to convicted defendants and replenishing public coffers from the pockets of those who have directly benefited from county expenditures. (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066 [130 Cal.Rptr.2d 133]; *Washington, supra,* 100 Cal.App.4th 590.) We also recognize, however, that subdivision (c) of section 1203.4 provides that a person who petitions for relief may be "required to reimburse the court for the actual cost of services rendered," but any reimbursement of costs "shall not be a prerequisite to a person's eligibility under this section." Accordingly, we believe the Legislature has evidenced a determination that the nonpayment of orders under such statutory recoupment provisions to reimburse a county for appointed attorney fees and probationary costs should not prohibit relief under subdivision (a) of section 1203.4.

■ On this record, it appears the trial court denied Bradus's petition for relief under section 1203.4 on its own apparent policy or hidden condition to not grant relief until orders to repay the county for probation costs and appointed attorney fees are complied with. However, based on the above and the record showing that Bradus is entitled to the mandatory relief she requested under section 1203.4, subdivision (a), we conclude the trial court erred as a matter of law in denying her petition. Accordingly, we vacate the trial court's order denying Bradus relief and direct the court to enter a new order granting her petition.[5] (See *Hawley, supra,* 228 Cal.App.3d 247, 251.)

---

[5] Because the only matter before the trial court was Bradus's petition for relief under section 1203.4, her appeal is likewise limited. We decline to address the collateral issues concerning the orders for appointed attorney fees and the costs of probation which are not properly before this court at this time.

## DISPOSITION

The trial court's order denying Bradus's application for relief under section 1203.4 is reversed and the matter is remanded to the trial court. On remand, the trial court is directed to vacate its order denying Bradus's petition under section 1203.4, subdivision (a), and to enter a new order granting her petition.

Nares, J., and McIntyre, J., concurred.