Filed 9/12/14  P. v. Asedo CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK ASEDO,<br><br>    Defendant and Appellant. | A140716<br><br>(Sonoma County<br>Super. Ct. No. SCR-461218) |

Frank Asedo appeals from an order denying his petition to expunge a 2005 drug conviction following termination of his probation.  (Pen.Code § 1203.4.)[1]  He contends relief under section 1203.4 must be granted because he fulfilled the conditions of his probation as required by law and the trial court erred in considering a subsequent misdemeanor conviction that occurred after he had successfully completed his probation. We agree and reverse the trial court's order.

## I.  BACKGROUND

Asedo pled guilty to one count of possessing methamphetamine for sale.  (Health & Saf. Code, §11378.)  On July 18, 2005, he was sentenced to three years probation with standard terms and conditions.  Asedo completed all conditions of his probation, including a 31-day residential treatment and payment of all fines and fees.  Asedo's probation expired on July 18, 2008.

---

[1]    All further undesignated statutory references are to the Penal Code.

On August 21, 2013, after completing his probationary period, Asedo filed a motion for expungement under section 1203.4.[2] The probation department filed a report recommending the petition be granted. The report stated Asedo had fulfilled all conditions of his probation; he had no pending cases and was not serving any sentence at the time of the application. The report further noted Asedo had been convicted of a misdemeanor violation of Vehicle Code section 14601.2, subdivision (a) on June 25, 2010. The report concluded, "Because the defendant complied with the probation grant, Probation concurs with the defendant's request for expungement."

At the November 4, 2013 hearing on the petition, the court expressed concern about the 2010 misdemeanor conviction. The court was also concerned with Asedo's "atrocious . . . , quite prolific record" reflected in the original probation report. The original report noted Asedo had suffered misdemeanor convictions for driving under the influence in 1996, driving with a suspended license in 1993, 1996, 1999, and 2001, and reckless driving with consumption of alcohol in 1996. Based on these concerns, the court denied Asedo's petition.

This timely appeal followed.

## II. DISCUSSION

On appeal, Asedo contends the trial court improperly relied on his post-probation conviction as a basis to deny relief under section 1203.4.

As we shall explain, and as the Attorney General concedes, the trial court erred as a matter of law in denying Asedo's petition for relief.

---

[2]     Section 1203.4 " ' "does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is ' "released from all penalties and disabilities resulting from the offense" . . . "That final judgment of conviction is a fact; and its effect cannot be nullified . . . by . . . the . . . order dismissing the action after judgment." ' [Citation.]" (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584.)

Section 1203.4, subdivision (a) provides, in pertinent part, that "[i]n any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, . . . be permitted by the court to withdraw his . . . plea of guilty . . . and enter a plea of not guilty, . . . and, . . . the court *shall* thereupon dismiss the accusations or information against the defendant. . . ." (Italics added.)

Thus, "[t]here are three circumstances in which a defendant may apply for relief under . . . section 1203.4: if, '(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief.' (*People v. Butler* (1980) 105 Cal.App.3d 585, 587.)" (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991 (*Guillen*).)

"Under either of the first two scenarios, the defendant is entitled as a matter of right to the dismissal of the charge. [Citations.] Under the third scenario, the court exercises its discretion whether to grant relief in the interests of justice. (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574 [*McLernon*], ['The last [scenario] requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted']; *People v. Butler, supra,* 105 Cal.App.3d at p. 587 ['A grant of relief in the third situation is clearly discretionary'].)" (*Guillen, supra,* 218 Cal.App.4th at p. 991.)

Accordingly, " '[a] defendant moving under . . . section 1203.4 is entitled *as a matter of right* to its benefits upon a showing that [she] "has fulfilled the conditions of probation for the *entire period of probation*." It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant.' (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788 (*Chandler*); see also *People v. Hawley* (1991) 228 Cal.App.3d

3

247, 249-250 (*Hawley*).) ' "The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation." [Citation.]' (*Chandler, supra,* 203 Cal.App.3d at pp. 788-789.)" (*People v. Bradus* (2007) 149 Cal.App.4th 636, 641 (*Bradus*), italics added.)

Here, it is undisputed that Asedo has fulfilled all the conditions of his probation. No evidence against relief under section 1203.4 was presented to show that Asedo's three-year period of probation had been revoked or extended, that he had committed any new offenses *during* this period, or that he otherwise faced any charges for violating the terms of his probation.

Because his original grant of probation was in "effect a bargain made by the People, through the Legislature and courts" with him, whereby he was, in essence, told that if he complied with the requirements of probation, he "may become reinstated as a law-abiding member of society" (*People v. Johnson* (1955) 134 Cal.App.2d 140, 143), and the evidence showed Asedo had fully performed his part of the bargain by satisfying the statutory requirement of section 1203.4 that he fulfill " 'the conditions of probation for the entire period,' " the trial court had "no discretion but to carry out its part of the bargain" with Asedo. (*Chandler, supra,* 203 Cal.App.3d at p. 788.) "In other words, the trial court had an obligation to keep its end of the bargain, that is, to remove the blemish of a criminal record by granting [Asedo's] motion under section 1203.4, (*Chandler, supra,* 203 Cal.App.3d at p. 789.)" (*Bradus, supra,* 149 Cal.App.4th at p. 642.)

Despite this obligation, the trial court denied Asedo's petition for relief under section 1203.4 based on its apparent belief that Asedo's conduct both before and after the period of probation demonstrated that the rehabilitative purposes of probation would not be served. While a court may rely on a defendant's "postprobation conduct," in the third scenario (*McLernon, supra,* 174 Cal.App.4th at p. 577), it may not do so when, as here, the defendant falls under one of the first two scenarios. Thus, " ' "[o]n application of a defendant who meets the requirements of section 1203.4[, the trial] court not only can but

must proceed in accord with that statute.  [Citations.] ” ’  (*In re Griffin* (1967) 67 Cal.2d 343, 347, fn. 3.)”  (*People v. Parker* (2013) 217 Cal.App.4th 498, 501.)

Based on the clear statutory language and the record showing that Asedo is entitled to the mandatory relief he requested under section 1203.4, subdivision (a), we conclude the trial court erred as a matter of law in denying his petition.  Accordingly, we vacate the trial court's order denying Asedo relief and direct the court to enter a new order granting his petition.  (See *Hawley, supra,* 228 Cal.App.3d at p. 251.)

### III.   DISPOSITION

The trial court's order denying Asedo's application for relief under section 1203.4 is reversed and the matter is remanded to the trial court.  On remand, the trial court is directed to vacate its order denying Asedo's petition under section 1203.4, and to enter a new order granting his petition.

<br>

_____
REARDON, J.


We concur:


_____
RUVOLO, P. J.


_____
RIVERA, J.

5