Filed 8/18/15  P. v. Toney CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL W. TONEY,<br><br>　Defendant and Appellant. | 2d Crim. No. B261880<br>(Super. Ct. No. CR38787)<br>(Ventura County) |

　　　　　In 1996, Michael W. Toney was convicted by plea of unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c))[1] and oral copulation of a person under the age of 18 (§ 288a, subd. (b)(1)).  The trial court suspended imposition of sentence and granted five years probation.  Appellant successfully completed probation and appeals from a post-judgment order denying his motion to reduce the offenses to misdemeanors (§17, subd. (b)(3)) and motion to withdraw his plea and dismiss the complaint (§ 1203.4).  We reverse with directions to grant the motion to withdraw the guilty plea and dismiss the complaint.  (§ 1203.4, subd. (a)(1).)  The order denying the motion to reduce the offenses to misdemeanors is affirmed.  (§ 17, subd. (b)(3).)

　　　　　In 1995, appellant (age 36) groomed a 17-year-old female student, M.G., for sexual intercourse while teaching at a Christian private school.  Appellant kissed

---

[1] All statutory references are to the Penal Code unless otherwise stated.

M.G., digitally penetrated her vagina, and fondled her breasts.  On December 16, 1995, appellant had unprotected sexual intercourse with M.G. at his house.  Appellant wrote more than 60 letters to M.G. about his sexual activities.  After the letters were turned over to the police, appellant admitted fondling another student 10 years earlier after leaving his teaching position at the student's school.

Appellant pled guilty to unlawful sexual intercourse and oral copulation of M.G.  On July 26, 1996, the trial court suspended imposition of sentence and granted five years formal probation.

Appellant successfully completed probation and, in 2014, filed a motion to reduce the felony offenses to misdemeanors (§ 17, subd. (b)(3)) and to withdraw his plea and dismiss the complaint (§ 1203.4).  The trial court denied the motion due to the serious nature of the offenses and appellant's violation of trust.  On January 5, 2015, the court denied a motion for reconsideration, citing "the nature of the trust that was violated" and the possibility that appellant "might be in a position to do this again."

*Section 1203.4*

Appellant argues that he has fulfilled all probation conditions and is entitled to mandatory relief pursuant to section 1203.4.  The Attorney General agrees.  Section 1203.4, subdivision (a)(1) provides that a defendant, upon the successful completion of probation, may withdraw his or her plea of guilty on certain qualifying offenses and expunge the conviction.[2]  "[A] defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' "  (*People v. Chandler* (1998) 203 Cal.App.3d 782, 788.)  Where the motion satisfies the requirements of section 1203.4, the trial court must grant relief in accord with the statute.  (*In re Griffin* (1967) 67 Cal.2d 343, 347, fn. 3; *People v. Hawley* (1991) 228 Cal.App.3d 247, 250.)  " 'The

---

[2] Appellant was convicted of violating section 261.5, subdivision (c) and section 288a, subdivision (b)(1)).   Both offenses qualify for section 1203.4 relief.  (See § 1203.4, subd. (b); Levenson, Cal. Criminal Procedure (The Rutter Group) 2014), § 28:21, p. 28-25.)

expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' [Citation.]" (*People v. Chandler*, *supra*, 203 Cal.App.3d at pp. 788-789.) We reverse with directions to grant appellant relief pursuant to section 1203.4, subdivision (a)(1).

*Section 17(b) Motion to Reduce Offenses to Misdemeanors*

Appellant argues that the trial court abused its discretion in not reducing the felony offenses to misdemeanors. (§ 17, subd. (b).)[3] Section 17, subdivision (b) (hereafter section 17(b)) "authorizes the reduction of 'wobbler' offenses - crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors - upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3))." (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974.) In ruling on a section 17(b) motion, the trial court considers all relevant sentencing factors including the nature and circumstances of the offense, defendant's appreciation of and attitude toward the offense, defendant's criminal history and character traits, and the general sentencing objectives set forth in California Rule of Court rule 4.410. (*Id.*, at p. 978.) The court must give "individualized consideration of the offense, the offender, and the public interest . . . [citation.]" (*Ibid.*)

Appellant abused his position of trust as a teacher, groomed an underage student for sexual purposes, and engaged in unlawful sexual conduct at school and in his house. After the matter was reported to the police, appellant admitted molesting a 15-year-old student 10 years earlier.

---

[3] A section 1203.4 order expunging the conviction does not relieve appellant of all the consequences of the felony conviction. (See e.g., *People v. Diaz* (1996) 41 Cal.App.4th 1424, 1430 [dismissed charge used as strike under Three Strikes law].) Where the court reclassifies the offense as a misdemeanor pursuant to section 17(b)(3) and the conviction is expunged pursuant to section 1203.4, the crime of which defendant has been convicted is "reclassified as a *misdemeanor.* Section 1203.4 [does] not erase defendant's conviction; rather, it free[s] him from some of the misdemeanor conviction's ' "penalties and disabilities." ' [Citations.]" (*People v. Park* (2013) 56 Cal.4th 782, 805.)

Appellant argues that he has "undergone tremendous personal and professional growth over the years" and served in the United States Army. Appellant complains that he has lost job opportunities due to the felony conviction and failed a background check to work for the Los Angeles Police Department. That is so because a section 1203.4 dismissal does not relieve appellant of the obligation to disclose his conviction when applying for public office or licensure by a state or local agency. (§1203.4, subd. (a)(1).) Appellant is also precluded from owning, possessing, or having a firearm in his custody or control. (§ 1203.4, subd. (a)(2).) A section 17(b) order reducing a wobbler sex offense to a misdemeanor does, however, have certain employment advantages. By regulation, a private employer may not ask a job applicant about a misdemeanor conviction dismissed pursuant to section 1203.4. (See Cal.Code Regs, tit. 2. § 11017(d); Cont.Ed.Bar (2014) Cal. Criminal Law Procedure and Practice § 41:15, p. 1291.)

The trial court denied the motion to reduce the offenses to misdemeanors based on the predatory nature of the offenses, the harm done to the victim, the risk to society, and because appellant engaged in similar sexual conduct by abusing his position of trust. In the words of the trial court, "this was not the defendant's first time engaging in questionable behavior with students. Although he may regret his actions, he has scarred the victim [M.G.] for life." The trial court was concerned that appellant "might be in a position to do this again. . . ."

Appellant argues that there are positive factors favoring section 17(b) relief but makes no showing that the ruling is arbitrary, capricious, or exceeds the bounds of reason. (*People v. Superior Court* (*Alvarez*), *supra,* 14 Cal.4th at pp. 977-978.) On review, we are precluded from substituting our judgment for that of the trial court. (*Id.*, at p. 978.)

*Conclusion*

We reverse with directions to grant appellant's motion to withdraw the guilty plea and dismiss the complaint pursuant to section 1203.4, subdivision (a)(1). The

4

order denying the motion to reduce the felony offenses to misdemeanors (§ 17, subd. (b)(3)) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J

.


PERREN, J.

5

Roger Lund, Judge

Superior Court County of Ventura

_____

Mathew R. Higbee, for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez, Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.