Filed 6/9/21  P. v. Brown CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHELLEE BROWN,<br><br>    Defendant and Appellant. | B306099<br><br>(Los Angeles County<br> Super. Ct. No. NA089354) |


APPEAL from an order of the Superior Court of Los Angeles County.  Richard M. Goul, Judge.  Reversed and remanded with directions.

A New Way of Life Reentry Project and CT Turney for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Shellee Brown appeals from the denial of her petition for dismissal pursuant to Penal Code section 1203.4. We reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

In June 2011, defendant had an altercation with one of her sons, who was 17 years old at the time. The son reported to police that defendant bit his arm during an argument, sprayed him in the face with mace and then splashed his back with bleach while he was washing his face.

Defendant agreed to plead no contest to two counts of child abuse (Pen. Code, § 273a, subd. (a)) and one count of assault with a chemical (§ 244). The probation report stated defendant had no prior felony or misdemeanor convictions and was suitable for a grant of probation.

On October 24, 2011, the court placed defendant on five years formal probation. The terms of defendant's probation included psychological counseling and a protective order in favor of her two sons and her mother (B.A.) who apparently assisted in caring for the boys.

On September 13, 2012, defendant's counsel requested the court set a hearing for modification of probation. The next day, defendant's mother (B.A.) sent a letter to the court making various accusations against defendant, including that defendant yelled at B.A. in front of the courthouse and "grabbed" and held onto one of her sons in violation of the protective order.

The modification hearing took place on September 20, 2012. The minute order for that date provides that "[o]n defendant's motion, protective order is modified as reflected on it's [*sic*] face." The face page of the form protective order bears the initials of

2

Judge Romero near box 13 pertaining to peaceful contact with the protected persons identified in the order.

In June 2015, defendant's probation officer reported to the court, in connection with defendant's request for permission to leave the country for a brief period, that defendant was attending psychological counseling, making payments on her financial obligations and was otherwise "in compliance with all terms and conditions of probation." Defendant's request for permission to travel was granted by the court.

Defendant's probation term ended in October 2016.

In March 2020, defendant filed a petition for dismissal pursuant to Penal Code section 1203.4, requesting the withdrawal of her no contest pleas to the three 2011 felonies and the dismissal of those charges on the grounds she fully performed the conditions of her probation for the entire five-year term. In the declaration attached to her petition, defendant stated, among other things, that she and her son were living together and "in a really good place" and had been doing well together for several years; that she was attending classes; and that she hoped to clear her record so that it would not be a hindrance when applying for jobs and housing.

The record does not contain any opposition by the People to defendant's petition.

On March 16, 2020, the court denied defendant's petition without a hearing. The denial order does not identify any grounds for the denial.

Defendant appealed. We grant defendant's request for judicial notice of her CLETS report (California Law Enforcement Telecommunications System). We also grant defendant's request for that report to be filed under seal.

3

## DISCUSSION

Under Penal Code section 1203.4, subdivision (a)(1), a defendant who "has fulfilled the conditions of probation for the entire period of probation" may file a petition seeking permission "to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty" and "the court shall thereupon dismiss the accusations or information against the defendant," releasing the defendant "from all penalties and disabilities resulting from the offense of which he or she has been convicted."

It has long been held the statutory language of Penal Code section 1203.4 provides for expungement as a matter of right for those defendants who fully perform the terms of their probation for the entire probationary period. "[A] defendant moving under Penal Code section 1203.4 is entitled *as a matter of right* to its benefits upon a showing that he [or she] 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788 (*Chandler*), italics added; accord, *People v. Johnson* (1955) 134 Cal.App.2d 140, 144 [discussing former version of statute].)

We see nothing in the record to support denial of defendant's statutory right to expungement. There is nothing in the record to suggest the probation department reported any violation, the prosecutor alleged any violation, or the court found any violation of the terms of defendant's probation during the five-year probationary term. Defendant's CLETS report shows no arrests or convictions after the 2011 convictions arising from the altercation with her son. Shortly before the end of the five-

4

year probationary term, the court granted defendant's request for permission to travel outside of the country which request was supported by defendant's probation officer who reported that defendant was in full compliance with the terms of her probation.

Respondent speculates the trial court modified probation in September 2012 because it found defendant violated probation based on the B.A. letter. Nothing in the record supports that speculative contention. Apparently, the letter was in the court file, but there is no indication the trial court ever relied on it to make any finding or order. The September 2012 probation modification hearing was set *at defendant's request*. The court's minute order granting the modification states, "[o]n defendant's motion, protective order is modified as reflected on it's [*sic*] face." The face page of the protective order bears Judge Romero's initials near paragraph 13 which permits peaceful contact between defendant and the protected persons. It appears to us the court modified the protective order on September 20, 2012, at defendant's request to allow her to have peaceful contact with her sons and mother.

Respondent relies on *Chandler*, *supra*, 203 Cal.App.3d 782, which is distinguishable from this case. Respondent cites the case for the proposition that a court's decision not to formally revoke probation does not preclude a later denial by the court of a defendant's petition for dismissal under Penal Code section 1203.4. But in *Chandler*, the probation officer reported the defendant had not completed payment of the victim restitution. (*Chandler,* at p. 785.) The court revoked probation and set a formal violation hearing. (*Id.* at pp. 785–786.) At the hearing, the court found the defendant had not satisfied the probationary term to pay victim restitution, but the court

5

exercised its discretion to neither extend the probationary period nor revoke probation.  The Court of Appeal affirmed the court's subsequent denial of the defendant's petition for dismissal, because "the court specifically found defendant had not satisfied the probation condition on restitution." (*Id*. at p. 789.)  We do not understand why respondent cited *Chandler* in this case, since the probation officer and the court here found defendant complied with the probationary terms.

In sum, we find nothing in the record to justify the trial court's denial of the petition for dismissal, and we are flummoxed by respondent's brief opposing reversal.

## DISPOSITION

The order denying defendant's petition for dismissal is reversed.  The case is remanded to the superior court with directions to grant defendant's petition and undertake any necessary further proceedings, consistent with this opinion, to effectuate the dismissal of the felony charges identified in defendant's petition.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.