Filed 2/11/15  P. v. Gray CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS ROBERT GRAY,<br><br>    Defendant and Appellant. | E060206<br><br>(Super.Ct.No. FSB1304379)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Douglas Robert Gray pled no contest to one count of second degree commercial burglary. (Pen. Code, § 459.)[1] Pursuant to the agreement, the trial court placed him on probation for a period of three years, under specified terms and conditions. The court also ordered him to pay various fees and fines, including $500 in appointed counsel fees.

On appeal, defendant contends that the court failed to conduct a hearing on his ability to pay attorney fees, and there is insufficient evidence to support the court's finding that he had the ability to pay.[2] The People argue that defendant has waived his claims. We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with attempted residential burglary (Pen. Code, §§ 664, 459, count 1), carrying a dirk or dagger (Pen. Code, § 21310, count 2), possession of burglar's tools (Pen. Code, § 466, count 3), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 4). Pursuant to a plea agreement, defendant pled no contest to second degree commercial burglary (Pen. Code, § 459, count 5), a charge added by the prosecution. In accordance with the agreement, the court dismissed all other charges and allegations and placed defendant on probation for three years.

---

[1] Any further statutory reference will be to the Penal Code, unless otherwise noted.

[2] We note that defendant additionally originally argued that the trial court miscalculated his presentence custody credits. He subsequently withdrew this claim as moot after the trial court corrected the credits.

ANALYSIS

The Court Properly Ordered Defendant to Pay Appointed Counsel Fees

Defendant contends that the court failed to conduct a hearing on his ability to pay attorney fees, and there is insufficient evidence to support a finding that he had the ability to pay. Thus, he asserts this court should strike the attorney fees order. The People argue that defendant expressly waived his right to a hearing to determine his ability to pay. We agree with the People.

Section 987.8 "empowers the court to order a defendant who has received legal assistance at public expense to reimburse some or all of the county's costs." (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1213.) Under the terms of the statute, the trial court may, after notice and hearing, order a defendant to pay all or a portion of the costs of his legal representation if the court determines the defendant has the "present ability . . . to pay" such costs. (§ 987.8, subd. (b).)

Here, defendant was represented by a deputy public defender. Pursuant to the plea agreement, defendant agreed to plead no contest to second degree commercial burglary (§ 459, count 5), in exchange for the dismissal of the other counts and being placed on probation for three years. Defendant signed a written plea agreement. He also signed a written document (the document), which listed the terms and conditions of probation as well as the findings and orders of the court. The findings and orders portion of the document stated that, by signing the form, defendant was "*agreeing with and accepting the Court's imposition of the following fees, fines, costs, reimbursements, orders and findings as well as those in the attached Addendum(s):* [¶] . . . [¶] . . . The Court finds

3

that the Defendant has the ability to pay appointed counsel fees. . . . [¶] [And b]ased on Defendant's ability to pay, Court orders appointed counsel fees in the amount of $500.00 . . . ." (Italics added.) At the bottom of the document, just above the signature line, the document further stated: "I have read, understand and agree to, (and *waive any further hearing regarding*) all the Terms and Conditions of Probation . . . listed above . . . as well as to all the Court's Findings and Orders, including *all fines, fees, reimbursements, restitution and costs listed therein and the ability to pay those costs*." (Italics added.)

When imposing sentence, the court ordered defendant to pay $500 in attorney fees and told him, "if you think that's more than you can afford, you can appeal that amount, and your attorney can explain that procedure to you." The court also referred to the list of probation terms in the document, and asked defendant if he read and understood all of the terms. Defendant said he did, and said he did not have any questions about any of the terms. He also affirmed that he signed the document. The minute order stated that the court found defendant had the ability to pay appointed counsel fees, and that based on his ability to pay, it ordered him to pay $500 in appointed counsel fees. The court also ordered defendant to pay various other fines and fees, and set the total monthly payment for all fines or fees to be $45 per month.

The record plainly shows that the ability to pay finding and the order to pay attorney fees were in the document listing defendant's probation conditions and the

findings and orders of the court.[3]  Defendant confirmed that he understood and signed the document.[4]  When he signed the document, he agreed that he would be ordered to pay the fees in the manner specified therein.  That is, he expressly agreed with the court's finding that he had the ability to pay appointed counsel fees, and he agreed to pay appointed counsel fees in the amount of $500.  Defendant's agreement that he possessed the ability to pay provides the basis for the court's finding.[5]  Furthermore, by signing the document, defendant expressly waived his right to a hearing to determine his ability to pay.  We note that the most basic rights of criminal defendants, including provisions intended for their benefit, are subject to waiver.  (*People v. Johnson* (2002) 28 Cal.4th 1050, 1055.)

In his reply brief, defendant's only response to the People's assertion that he waived his right to a hearing is that the waiver claim must fail because his waiver "occurred after the court expressly advised him [of] his remedy, if he lacked the ability to pay the attorney[] fees, was to appeal."  (Italics omitted.)  However, the record indicates that defendant signed the document waiving his right to a hearing regarding the court's findings and orders on the day of the plea and sentencing hearing.  At that hearing, the

---

[3]  The form correctly did not include attorney fees as a condition of probation. (*People v. Bradus* (2007) 149 Cal.App.4th 636, 641.)

[4]  Although the court specifically referred to the "long list of terms of probation," when it asked defendant if he read and understood the terms in the document, it is reasonable to infer that defendant read all the terms in the document.  Moreover, defendant confirmed with the court that he signed the document, which meant that he read, understood, and agreed to all the terms of probation *and* findings and orders of the court.

[5]  It is unclear why, after ordering defendant to pay $500 in attorney fees, the court told him he could appeal that amount if he thought he could not afford it.

court referred to the document and asked defendant if he read all the terms, if he understood them, if he had any questions about them, and if he accepted probation on all of the terms. Defendant affirmed that he had read and understood all the terms, and that he had already signed the document. Thus, contrary to his claim that he waived his right to a hearing after the court advised him of his remedy to appeal, the record demonstrates that defendant read and signed the document *before* the court's advisal. We note that defendant did not and has not raised any issue that the document he signed, or his acceptance of the court's findings and orders listed therein, was invalid. We further note that defendant was placed on probation, not in prison, and he does not claim on appeal that he lacks the ability to pay appointed counsel fees.

In view of the foregoing, we see no need to strike the appointed counsel fees order, as defendant has requested.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST _____<br>J.

We concur:

RAMIREZ _____
               P. J.

McKINSTER _____
               J.

6