[No. F032872. Fifth Dist. Aug. 11, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
CHERYL COVINGTON, Defendant and Appellant.

**COUNSEL**

Gregory H. Mitts for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Brian G. Smiley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUCKLEY, J.**—The defendant, Cheryl Covington, appeals from an order denying her petition to expunge a grand theft conviction following termination of her probation. (Pen. Code, § 1203.4.)[1] She contends she was entitled to expungement as a matter of right because she complied with all the conditions of her probation, and in particular the requirement she pay restitution commensurate with her ability to pay. We disagree and will affirm the order.

### BACKGROUND

Covington worked as a bookkeeper for Kern River Distributors. In 1989, she began diverting company funds to her personal use and continued to do

---

[1]All future statutory references are to the Penal Code.

so over the next three years until she was finally discovered and arrested in November of 1992. She subsequently was charged with four counts of grand theft (former § 487, subd. (1), now § 487, subd. (a))—one count for each year from 1989 to 1992—and one count of forgery (§ 470). Pursuant to a plea agreement, Covington pleaded guilty to one of the theft counts subject to a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]). The other charges were dismissed.

On March 10, 1993, the court suspended imposition of sentence and placed Covington on five years' probation on the condition, among others, she serve one year in jail. The court also ordered her, pursuant to former section 1203.04 (repealed Stats. 1995, ch. 313, § 8), to pay $99,473.48 in restitution to her former employer through the probation department.

Following her release from jail, Covington began making payments at the rate of $150 per month, the amount the probation department determined she could afford. She evidently made all the payments as scheduled over the next four years. In addition, she deeded her interest in her house to the owner of Kern River Distributors, further reducing her liability by about $4,000.

In January of 1998, some two months before Covington's probation was due to end, the probation department filed a "DECLARATION LETTER" asking the court to revoke her probation for failure to comply with the restitution condition. Her outstanding balance was then about $88,000. At a hearing in April, the court denied the revocation petition, finding no evidence Covington had willfully failed to pay when she had the means to do so. (§ 1203.2.)[2] The court therefore reinstated her probation, which it then terminated. (§ 1203.3.)

Covington thereafter filed a section 1203.4 petition to expunge her conviction. The court denied the petition on the ground she had not met the restitution condition.

---

[2]Section 1203.2, subdivision (a) states in part: ". . . probation shall not be revoked for failure of a person to make restitution pursuant to Section 1203.04 as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay." The prosecutor conceded the allegations in the declaration letter were not sufficient to show Covington had been able but unwilling to pay more than she did.

For the first time at the April hearing, the probation officer alleged, as a separate ground for the revocation, that Covington had failed to report a change in her financial situation that would have enabled her to pay more than $150 per month. However, the prosecutor acknowledged due process would require a supplemental petition be filed and a new hearing be held to establish the truth of the allegation before probation could be revoked on that basis. Instead, the prosecutor asked the court to dismiss the revocation petition.

DISCUSSION

Covington maintains the court was required to grant her expungement petition, despite her failure to pay the full amount of restitution, because she complied with the terms of her probation by making all court-ordered payments prior to termination. She argues, in effect, that her compliance was established by the court's earlier finding she had done nothing to warrant revocation of her probation.

Section 1203.4 provides in pertinent part: "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation . . . the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty . . . and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ."

Under section 1203.4, when a defendant has "fulfilled the conditions of probation for the entire probationary period" he or she "is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 787 [250 Cal.Rptr. 730], fn. omitted; *People v. Johnson* (1955) 134 Cal.App.2d 140, 144 [285 P.2d 74].)

In finding Covington had not satisfied the restitution condition of her probation, the court relied in large part on *People v. Chandler, supra,* 203 Cal.App.3d 782. As in the present case, the defendant in *Chandler* was granted probation on the condition, among others, he pay restitution to his victim. The amount was later determined to be $2,571.65, made payable at $20 per month over the three-year probationary period. The defendant, who was unemployed for the first year, initially made some payments of $5 or $10, but eventually started paying $20 each month once he found a job. Even so, over the course of the three years he paid only a few hundred dollars. Therefore, on the day before probation was to end, the probation department asked the court to extend it by two years so the defendant could pay the balance. In order to retain jurisdiction and toll the running of the probationary period (§ 1203.2, subd. (a)), the court made a preliminary finding the defendant had failed to comply with the restitution condition, and so revoked

his probation subject to a formal violation hearing. At the hearing, however, the court reinstated and terminated probation in light of the defendant's efforts to pay. A year later, the defendant filed a section 1203.4 petition. The petition was denied based on the court's determination the defendant had failed to satisfy the restitution condition. (*Chandler, supra,* 203 Cal.App.3d at pp. 785-786.)

The appellate court framed the issue on appeal as follows: "[W]hether the trial court was required to grant defendant's application for relief under Penal Code section 1203.4 because, as defendant contends, he had complied with the terms of probation during the probationary period, and the court terminated probation before defendant had paid restitution in full." (*People v. Chandler, supra,* 203 Cal.App.3d at p. 786.) The defendant argued the lower court's decision not to revoke his probation amounted to an implied finding of " 'good conduct and reform' " to the effect that he had met all the conditions of his probation notwithstanding his failure to pay restitution in full. (*Id.* at pp. 787-788.)

The appellate court rejected this contention. As it explained, a grant of probation is not a matter of right but an act of clemency, and a decision to revoke probation when the defendant fails to comply with its terms rests within the broad discretion of the trial court. By contrast, the defendant is entitled by right to relief under section 1203.4 if he or she has fulfilled the conditions of probation during the entire probationary period. Thus a decision by the court, in the exercise of its discretion, declining to revoke probation despite a violation is not the same as a determination the defendant fully complied with all its conditions. (*People v. Chandler, supra,* 203 Cal.App.3d at pp. 788-789; see also *People v. Turner* (1961) 193 Cal.App.2d 243, 247 [14 Cal.Rptr. 130].)

The *Chandler* court's conclusion, of course, rested on the premise there were grounds to revoke the defendant's probation. "Although the court could have revoked defendant's probation for failure to pay restitution in full [citation], it chose not to do so." (*People v. Chandler, supra,* 203 Cal.App.3d at p. 789.) The basis of this statement, however, is not altogether clear. As noted, section 1203.2 provides, as it did at the time *Chandler* was decided, that "probation shall not be revoked for failure of a person to make restitution pursuant to Section 1203.04 as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person's ability to pay." (See *People v. Hernandez* (1991) 226 Cal.App.3d 1374, 1378 [277 Cal.Rptr.

444].) There is nothing in the *Chandler* decision to indicate the defendant could have satisfied the restitution condition during the period of probation.[3]

In any event, there were no grounds in the present case to revoke Covington's probation for failure to pay restitution. The trial court so found, and thus had no choice but to terminate probation. Consequently, we are presented with a somewhat different question than was the court in *Chandler*. We must decide whether a defendant who has fully complied with a schedule of restitution payments approved by the probation department and implicitly ordered by the court (as well as all other terms of probation) has thereby "fulfilled the conditions of probation for the entire period of probation" (§ 1203.4) even though an unpaid balance remains at the time probation is terminated. In order to answer this question, it is necessary to reconcile the general requirement that a defendant pay restitution to his or her victim with the limitation that "[r]estitution shall be consistent with a person's ability to pay." (§ 1203.2.) It will often be the case, as it was here, that a defendant lacks the ability to pay restitution in full within the period he or she is on probation.

The right of a crime victim to recover restitution is set out in article I, section 28, subdivision (b) of the California Constitution, which was enacted by a vote of the people in June of 1982 as part of Proposition 8. (*People v. Vega-Hernandez* (1986) 179 Cal.App.3d 1084, 1091-1092 [225 Cal.Rptr. 209].) It provides in part: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition

---

[3]The "ability to pay" provision was added in 1983 and took effect on January 1 of the following year. (Stats. 1983, ch. 568, § 2.5, p. 2435.) It was adopted in response to the decision in *Bearden v. Georgia* (1983) 461 U.S. 660 [103 S.Ct. 2064, 76 L.Ed.2d 221], where the Supreme Court held, on due process grounds, that a probationer may not be imprisoned for failing to pay a fine or restitution unless the court has first inquired into the reasons for the failure. "If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection." (*Id.* at p. 668 [103 S.Ct. at p. 2070].) But if the probationer was unable to pay despite sufficient bona fide efforts to do so, imprisonment is permissible only if alternative measures of punishment have been considered and found to be inadequate. (*Id.* at p. 672 [103 S.Ct. at pp. 2072-2073]; see also *People v. Cookson* (1991) 54 Cal.3d 1091, 1096-1097 [2 Cal.Rptr.2d 176, 820 P.2d 278].)

The defendant in *Chandler* evidently was granted probation on January 14, 1983, before section 1203.4 was amended, but the hearing at which he was found to have violated the restitution condition occurred three years later, well after the "ability to pay" amendment took effect. Indeed, notwithstanding the appellate court's conclusion, the trial court in *Chandler* may have reached the result it did because it determined the defendant had not willfully failed to pay restitution within his means.

imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, subd. (b).) This statement of intent was not self-executing, but required action by the Legislature to implement it. (179 Cal.App.3d at p. 1092.)

In 1983, the Legislature adopted former section 1203.04. Subdivision (a) stated: "In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution . . . [¶] (1) To the victim . . . ." (Stats. 1983, ch. 568, § 2, p. 2434; see also § 1203.1, subd. (a)(3).) Although exceptions could be made if "compelling and extraordinary reasons" were found to exist, the statute did not predicate imposition of a restitution condition on the defendant's ability to pay. However, section 1203.2 was enacted at the same time and, as noted above, provided that probation could not be revoked for the defendant's nonwillful failure to pay restitution. It also provided that "[r]estitution shall be consistent with a person's ability to pay." (See *People v. Ryan* (1988) 203 Cal.App.3d 189, 194-195 [249 Cal.Rptr. 750].)

Section 1203.1k, enacted in 1987, made provision for determining the amount of restitution and the manner in which it was to be paid. The determination can be made by the court upon the probation officer's recommendation or, with the defendant's consent, by the probation officer directly, subject to the defendant's right at hearing to dispute the probation officer's determination.

Despite what Covington seems to believe, these various provisions, read together, do not say that a probationer's obligation to pay restitution is limited to what he or she can afford to pay while on probation. Instead we understand them to mean, in effect, that a restitution condition has two requirements, both of which must be satisfied before the probationer has "fulfilled the conditions of probation for the entire period of probation."

First, the defendant must make all court-ordered restitution payments during "the entire period of probation" insofar as he or she has the ability to do so. A defendant who fails to meet this requirement is in violation of probation, and so is not entitled to section 1203.4 relief whether or not the violation results in revocation. (*People v. Chandler, supra,* 203 Cal.App.3d 782; *People v. Turner, supra,* 193 Cal.App.2d at p. 247.) But compliance with this first requirement, i.e., the fact the defendant did not violate probation by failing to make restitution payments, does not mean he or she

has "fulfilled the [restitution] conditions of probation."[4] Compliance with a restitution condition also requires that the defendant pay the full amount of the victim's losses as determined by the court.

"Conditions are imposed on probation 'to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . .' (§ 1203.1.) Restitution 'may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole.' (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].) Thus, aside from making the victim whole, restitution serves valid punitive, deterrent, and rehabilitative objectives by requiring the defendant to return his ill-gotten gains and helping him appreciate the harm done to the victim. [Citation.]" (*People v. Cookson, supra,* 54 Cal.3d at p. 1097.)

A grant of probation is also in effect "a bargain made by the People, through the Legislature and the courts, with the convicted individual, whereby the latter is in essence told that if he complies with the requirements of probation, he may become reinstated as a law-abiding member of society. [Citation.] As an additional inducement, the '[r]emoval of the blemish of a criminal record' is held out through the provisions of Penal Code section 1203.4. [Citation.]" (*People v. Chandler, supra,* 203 Cal.App.3d at p. 788.) "The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation." (*People v. Turner, supra,* 193 Cal.App.2d at p. 247.) Certainly the rehabilitative purposes of probation, much less the constitutional right of a victim to restitution, would be ill served if the defendant could have his or her conviction expunged without having made up for the victim's losses.

Nor is such a result required by equal protection principles. Covington asserts, without any further discussion or citation to authority, that she was denied relief under section 1203.4 simply because she was not wealthy enough to have paid her court-ordered restitution in full while she was on probation. The "ability to pay" provision of section 1203.2 was intended to

---

[4]Covington's reliance on *People v. Hawley* (1991) 228 Cal.App.3d 247 [278 Cal.Rptr. 389] is misplaced. The defendant in that case was found to be entitled to relief under section 1203.4 not because he had fulfilled the conditions of probation (he admittedly had not), but because he had been discharged from probation prior to the termination of the period of probation, which is an entirely separate ground for relief.

protect the right of an indigent defendant to due process and equal protection (*Bearden v. Georgia, supra*, 461 U.S. 660), not to relieve a wrongdoer from responsibility for the consequences of his or her criminal act. It would be anomalous indeed if a provision designed to equalize the treatment of rich and poor defendants were applied in a way that only shifted the inequality to the other extreme. Equal protection means only that Covington can have her conviction expunged, the same as the wealthier defendant in her hypothetical, if and when she pays restitution to Kern River Distributors in the total amount of $99,473.48.

In summary, we hold that, for purposes of section 1203.4, a defendant has not fulfilled a restitution condition of probation unless he or she has made all court-ordered payments "for the entire period of probation" *and* has paid his or her obligation in full. Here Covington satisfied the first requirement but not the second. Therefore, she was not entitled to have her grand theft conviction expunged.

### DISPOSITION

The order denying Covington's application for relief under section 1203.4 is affirmed.

Thaxter, Acting P. J., and Harris, J., concurred.