Filed 8/25/16  P. v. Tygenhof CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C078298 |
| Plaintiff and Respondent, | (Super. Ct. No. P09CRF0256) |
| v. | |
| RYAN TYGENHOF, | |
| Defendant and Appellant. | |

As a condition of the trial court's grant of probation, defendant Ryan Tygenhof was ordered to pay $37,004.56 in victim restitution.  Upon completion of the four-year probationary term, defendant filed a petition to dismiss pursuant to Penal Code section 1203.4.[1]  The trial court denied the petition on the basis of defendant's failure to pay the full amount of victim restitution.

On appeal, defendant contends payment of victim restitution was not a condition of probation and thus the trial court erred in denying his petition to dismiss.

We affirm.

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

## FACTUAL AND PROCEDURAL HISTORY

This court previously affirmed defendant's judgment of conviction in case No. C072039.  The narrow issue before us now concerns the trial court's denial of defendant's motion for dismissal pursuant to section 1203.4.[2]

On January 13, 2010, defendant pleaded no contest to child endangerment. (§ 273a, subd. (a).)  The trial court suspended imposition of sentence and placed defendant on four years' probation subject to terms and conditions, including the payment of victim restitution in an amount to be determined.  The court reserved jurisdiction to determine the amount of victim restitution.  We discuss the imposition of this condition of probation in more detail, *post*.

On August 3, 2012, the trial court ordered defendant to pay victim restitution in the amount of $37,004.56, plus a 10 percent administrative collection fee in the amount of $3,700.50.

On August 29, 2010, defendant filed a notice of appeal, challenging the trial court's restitution order.

On November 27, 2012, the People filed an amended motion seeking an order requiring payment of restitution, arguing defendant's obligation to pay restitution was not stayed by the filing of his appeal.

At the December 19, 2012, hearing on the People's motion, the trial court ordered defendant to make monthly payments of $100, beginning January 7, 2013.

On March 8, 2013, the People filed a motion to modify and extend defendant's probation.  According to the motion, defendant had made just one payment of $20 since January 17, 2013.  The motion requested that defendant's probation be extended one year

---

[2] Given the nature of the issue before us, a recitation of the facts underlying defendant's judgment of conviction is unnecessary.

to pay restitution and allow him time to complete a mandatory child abusers counseling program that had not been previously ordered.

On March 11, 2013, the People filed a petition to revoke probation for failure to pay restitution. In the petition, the People asked the court to revoke defendant's probation, then set aside the revocation and reimpose probation for four years subject to the original terms and conditions as well as the additional condition that defendant complete the mandatory one-year child abuse treatment program and serve 30 days in county jail. The trial court revoked defendant's probation and set the matter for hearing.

At the May 3, 2013, hearing on the People's motions, the court dismissed the petition to revoke probation without prejudice.[3] The court modified defendant's probation, ordering him to complete a one-year child abuse treatment program. The court also extended defendant's probation for a period of one year without prejudice to terminate it sooner upon completion of the program.

On June 5, 2013, the People filed a petition to revoke probation, set aside the revocation, and reimpose probation arguing that, since the court's December 19, 2012, restitution order, defendant had made only four restitution payments totaling $140.

At the August 21, 2013 hearing on the People's petition, defendant's probation officer, Mindi Dragony, testified defendant had made a total of $697 restitution payments in the following installments: $20 on January 24, 2013; $20 on February 26, 2013; $50 on March 19, 2013; $50 on April 24, 2013; $50 on May 29, 2013; $100 on June 5, 2013; $100 on June 20, 2013; $187 on June 24, 2013; and $100 on July 22, 2013.[4] Dragony also testified that, when confronted with the fact that he was not paying restitution as

---

[3] The trial court dismissed the motion to revoke without prejudice because the prosecution's witness on that motion was not present.

[4] Although Dragony testified that the total amount was $697, these amounts add up to $677.

3

ordered, defendant stated he was having financial issues and could not afford it, he could not afford gas, and his girlfriend was not working. In addition, on February 28, 2013, defendant told Dragony that the victim did not deserve any money despite the fact that she's raising his children.

At the continued hearing on September 25, 2013, defendant argued that, according to his income and expense declaration, his expenses were well above his income and, as such, there was no evidence his failure to pay restitution was willful. The People disagreed, arguing defendant's failure to pay was willful as demonstrated by the fact that several of his payments were made only after the filing of petitions to revoke probation or confrontation by Dragony about his failure to pay, as well as defendant's own statement that the victim did not deserve the money and that he could not afford the payments despite evidence to the contrary. The trial court concluded there was not enough evidence to find a willful violation of probation and dismissed the petition, but ordered defendant to court to reestablish a payment plan.

On October 30, 2013, the court, over the People's objection, ordered defendant to pay $40 per month effective immediately.

On November 20, 2013, the People conducted a debtor's examination of defendant's assets, income, and expenses, after which the matter was set for a continued hearing regarding defendant's payment plan.

On January 10, 2014, defendant failed to appear as ordered. The trial court revoked probation. Probation was reinstated on January 17, 2014.

On January 28, 2014, the People filed a motion to increase defendant's restitution payments.

At the continued restitution hearing on February 6, 2014, the court ordered defendant to pay $100 per month commencing February 17, 2014.

4

On April 8, 2014, the probation department filed a motion to transfer defendant's case to Sacramento County. According to the motion, defendant's probation was set to expire on February 23, 2015.

On April 18, 2014, over the People's objection, the trial court granted defendant's motion to transfer and confirmed probation would terminate on February 23, 2015, or upon earlier completion of the previously ordered 52-week child abuse treatment program. The court also transferred the order for restitution.

The People filed a motion, and two subsequent amended motions, for reconsideration and an order vacating defendant's transfer of probation to Sacramento County. On May 2, 2014, the trial court temporarily vacated the transfer order, continued probation subject to the original terms and conditions, and set the matter for hearing.

At the June 6, 2014, continued hearing, the trial court granted the People's motion to vacate the transfer order and ordered that defendant's probation continue in El Dorado County subject to the original terms and conditions.

On December 1, 2014, defendant filed a petition for dismissal pursuant to section 1203.4, claiming he fulfilled the conditions of probation. The People opposed defendant's petition, arguing defendant failed to pay victim restitution as ordered.

On January 16, 2015, after considering the oral and written arguments of the parties, as well as a statement by the victim, the trial court denied without prejudice defendant's petition stating, "I'll deny it outright until he pays what he owes." For the first time, defense counsel argued he did not believe restitution was ordered as a term and condition of probation pursuant to section 1203.1, subdivision (b), and further argued defendant fulfilled the conditions of probation within the meaning of section 1203.4. The court stated, "Probation modified for restitution on December 19, 2012, but extended. I'll deny without prejudice right now for that reason. [¶] . . . [¶] Restitution was ordered

5

as a condition of probation on December 19th, 2012.[5]  Extended it so he could pay it off. He has not paid it off.  I'll deny it without prejudice for that reason."

## DISCUSSION

Defendant contends the trial court erred in denying his petition for dismissal pursuant to section 1203.4 on the basis of failure to pay victim restitution because victim restitution was not made a condition of his probation.  We disagree.

### A.  Applicable Law

Section 1202.4, subdivision (f), provides in pertinent part:  "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.  If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court."

"The court shall consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund. . . ."  (§ 1203.1, subd. (b).)  A provision giving the probation officer supervision over the amount and manner of restitution "is a proper order under . . . section 1203.1."  (*People v. Collins* (1966) 242 Cal.App.2d 626, 640.)

When a defendant has fulfilled the conditions of probation, he is entitled to a dismissal pursuant to section 1203.4,[6] commonly referred to as an expungement.  (See

---

[5]  The trial court misspoke.  As we have noted, restitution was ordered as a condition of probation on January 13, 2010, and defendant was ordered to make monthly payments of $100 on December 19, 2012.

[6]  In pertinent part, section 1203.4, subdivision (a), provides:  "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other

*People v. Tran* (2015) 242 Cal.App.4th 877, 883, fn. 2 [referring to the procedure as an expungement, but recognizing that the procedure does not expunge the conviction by rendering it a legal nullity].) "[F]or purposes of section 1203.4, a defendant has not fulfilled a restitution condition of probation unless he or she has made all court-ordered payments 'for the entire period of probation' *and* has paid his or her obligation in full." (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1271.)

## B. Analysis

The record makes plain that victim restitution was a condition of defendant's probation. Defendant entered his guilty plea and was sentenced on January 13, 2010. In sentencing defendant, the court stated: "Court probation, informal probation, four years. Obey all laws, notify the court of any change of address or employment. You're to serve five days county jail, receive credit as shown by the jail records. You're to pay a fine of $100 plus penalty assessments, a restitution fine of $100. An additional restitution fine of $100 will be ordered and suspended pending successful completion of probation. A $30 assessment for court security fees, a $30 assessment for the courthouse construction fund." The court then asked the prosecutor if there were any other fines and she said, "restitution as determined by probation." The court ordered the restitution matter be referred to the probation department to determine the amount and reserved jurisdiction to

---

case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and . . . he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted."

order the amount. Thereafter, the court issued a no-contact/stay-away order in favor of the victim.

During the sentencing, there was confusion about whether the grant of probation was to be one for formal or informal probation. Once it was clarified that the probation would be formal, the trial court stated: "Okay. Let's step back, [defendant]. You will be placed on four years of formal probation. That is you will be supervised by the probation department. You will follow all reasonable directives of probation. You're to obey all laws. *All other terms as stated here this afternoon will be incorporated into your formal - your order of formal probation.* [¶] The fines will be paid as directed by probation. There is a $250 probation supervision fee." (Italics added.)

Consistent with the portion of the trial court's oral order we have italicized, the formal order of probation included the "terms" the court earlier stated, including restitution. On page two of the order, under the section of the probation order titled "FINES / FEES / RESTITUTION," next to "Victim Restitution" are the letters "TBD," a common abbreviation for "to be determined."

At the bottom of page two of the probation order, it reads: "I hereby acknowledge receipt of a copy of the Court's Order and I agree to comply *with the terms and conditions* set forth herein. I understand any violations of this Probation Order may cause the Court to revoke and terminate my probation and impose an appropriate sentence. I agree to waive extradition for any probation revocation proceedings, which occur in reference to probation herein granted." (Italics added.) Directly under that statement is a signature on the line labeled "Defendant's signature."

Consistent with the trial court's oral order and the formal order of probation, the minute order for the sentencing hearing states in pertinent part, "Formal probation granted for a period of 48 months under the following terms and conditions: [¶] . . . [¶] 14) Pay restitution in an amount/manner to be determined/recommended by PO and ordered by the Court after due notice and opportunity to be heard."

8

The amount of victim restitution was argued and determined at the August 3, 2012, plea hearing. In that regard, the court's minute order states, in part, "Probation is MODIFIED as follows: [¶] For all convicted charges: [¶] 15) Pay victim restitution in the amount of $37004.56. Payable to the Court [pursuant] to [section] 1202.4[.] [¶] 16) Pay a 10% administrative collection fee for victim restitution in the amount of $3700.50 ([§] 1203.1[])." The minute order also states, "Probation is CONTINUED. Original terms in full force and effect." While defendant's counsel argued certain aspects of the claimed amount were inappropriate or unrecoverable pursuant to the law, there was no argument about whether the restitution order was a condition of probation.

The trial court modified its previous order when, on December 19, 2012, it ordered defendant to pay victim restitution in monthly installments of $100, beginning January 7, 2013. The modification of the prior probation condition is reflected in the court's order which states, "Probation modified."

Confirmation that victim restitution was indeed a condition of probation is particularly apparent in the People's motion to modify and extend defendant's probation and petition to revoke probation for failure to pay restitution, both of which state that the terms of defendant's probation include payment of restitution, and that his failure to pay was a violation of probation. The March 11, 2013, minute order revoking probation states, "Allegation of violation of condition FAILED TO MAKE RESTITUTION PAYMENTS AS ORDERED[.] [¶] Allegation of violation of term 18."[7]

While defendant's counsel responded in part to the motion by sending a letter to the court arguing the alleged violation of probation and the People's request to extend probation "are spurious at best," counsel's letter made no claim that victim restitution was not a condition of defendant's probation. Nor did defendant's counsel raise the issue

---

[7] "Term 18" was the requirement that defendant make monthly restitution payments of $100.

at the May 3, 2013, hearing, arguing instead that there was no change in circumstance to support modification and extension of probation, and that defendant's financial statement demonstrated any failure to pay was not willful. The court made no findings on the petition, dismissing it without prejudice because the People's witness was not present for the hearing.

The People's subsequent June 5, 2013, petition to revoke probation again argued defendant violated a condition of his probation by failing to make victim restitution payments as ordered. Again, defense counsel made no claim that victim restitution was not a condition of probation, arguing only that defendant's failure to pay was not willful. The trial court dismissed the petition and subsequently established a modified payment plan of $40 per month. However, following a debtor's examination and the People's subsequent motion to increase restitution payments, the court again modified its order, increasing defendant's payments to $100 per month.

It was not until the January 16, 2015, hearing on defendant's petition for dismissal pursuant to section 1203.4 that defendant's counsel claimed, for the first time, that victim restitution was not a condition of probation. Counsel argued, "I do not believe that restitution was even ordered as a condition of -- a term and condition of probation pursuant to [section] 1203.1(b) which states that, 'The Court shall consider whether restitution should be a term and condition of probation.' I think this would lead one to believe that the presumption is that restitution is not a term and condition of probation unless the Court makes that consideration and finding. [¶] . . . [¶] Restitution is enforceable as a civil judgment under [section] 1202.4(j). He's entitled to this relief as a matter of right." The court responded by noting that probation had been modified on December 19, 2012, and extended so defendant could pay it off. The court then stated, "He has not paid it off. I'll deny it without prejudice for that reason."

Acknowledging imposition of victim restitution is mandatory pursuant to section 1202.4, defendant claims the trial court not only failed to make victim restitution a

10

condition of probation, the court also failed to make a finding that he violated probation for failure to make restitution payments. Thus, he fulfilled the conditions of probation as required by section 1203.4, subdivision (a), and should have been granted relief. We are not persuaded.

As discussed above, the court's orders reflect that victim restitution was indeed a condition of probation. Indeed, as we have noted, defendant signed a statement indicating he agreed with and understood the restitution order was one of several conditions of probation imposed by the court. Moreover, defendant cites no authority for the proposition that a finding of a probation violation for failure to pay was necessary for purposes of denial of the petition to dismiss pursuant to section 1203.4. Defendant's probation was set to expire on February 23, 2015, or upon full compliance with all terms and conditions, including completion of the 52-week child abuse treatment program. Defendant filed his petition for dismissal on December 1, 2014, and the matter was heard and decided on January 16, 2015. Even assuming defendant completed the 52-week child abuse treatment program as of January 16, 2015, he had not yet paid the full amount of victim restitution and thus was not in full compliance with all of the terms and conditions of his probation.

The trial court did not err in denying defendant's petition for dismissal on the basis of his failure to pay victim restitution.

11

## DISPOSITION

The judgment is affirmed.

                                                            MURRAY , J.

We concur:

     BLEASE , Acting P. J.

     HULL , J.