Filed 8/29/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BABOUCAR HENRI DAFFEH,<br><br>     Defendant and Appellant. | A166899<br><br>(Contra Costa County<br>Super. Ct. No.<br>05001800895) |

Defendant Baboucar Henri Daffeh appeals from an order denying his petition for dismissal of his misdemeanor conviction pursuant to Penal Code section 1203.4, which provides relief when a defendant has fulfilled the conditions of his probation throughout the probation period.[1] The prosecutor had urged the trial court to deny the petition because the issue of direct victim restitution was reserved at Daffeh's sentencing. (§ 1202.4, subd. (f).) Although the prosecutor did not bring the victim's restitution claim to the court's or Daffeh's attention before his probation period ended and the court *never* ordered Daffeh to pay a specific amount of restitution, the prosecutor nonetheless contended, and the court apparently agreed, that Daffeh's failure to pay constituted a failure to comply with a condition of his probation. We will reverse the order denying his section 1203.4 petition.

---

[1] Except where otherwise indicated, all statutory references are to the Penal Code.

## I. FACTS AND PROCEDURAL HISTORY

Daffeh was charged with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and receiving stolen property (§ 496d, subd. (a)). According to the victim's testimony at Daffeh's preliminary hearing, the victim's work truck went missing on or about August 13, 2017 and was recovered on August 19, 2017.

On January 11, 2018, the victim provided the prosecutor's office with a restitution claim for $440, seeking recovery for "work key replacement," two days of wage loss, a baseball cap, a special knife for electricians, and gas money to get to court. The appellate record does not contain any documentation for the losses. Nor is there any indication that the prosecutor alerted Daffeh to the restitution claim before his probation expired.

On February 28, 2018, Daffeh signed a written agreement to plead no contest to misdemeanor vehicle theft (Veh. Code, § 10851, subd. (a)). His plea form did not mention victim restitution.

At the plea and sentencing hearing that same day, the trial court accepted Daffeh's plea, dismissed the second count, and stated the terms of his sentence as follows: "I am going to place you on three years of court probation, so you don't have a probation officer, but you do have to obey all laws. I will impose 120 days county jail, but you have credit for 92 actual, to which I will add 92 conduct credits, so you have credit [for] time served on that. [¶] The law does require me though to impose a $150 restitution fine, and impose but stay another $150 fine that only goes into effect if you violated probation. Plus the legislature requires me to impose a $30 court conviction fee and a $40 court administrative fee. [¶] Now, bear with me here. Am I reserving any actual restitution?" The prosecutor replied, "Yes, your Honor." The court then stated: "Okay. *I'll reserve any actual*

2

*restitution*." (Italics added.) The prosecutor did not mention the victim's restitution claim, and the court did not state that payment of victim restitution would be a condition of probation. The court concluded by telling Daffeh: "So we're gonna give you some paperwork, and in three years you will come back in and you'll be successful, and I will take this off your record. Deal?" Daffeh replied, "I will. Deal." The court instructed Daffeh to "[j]ust have a seat, and we'll get you the minute order."[2]

Daffeh's three-year term of probation expired on February 27, 2021. At no time during that probation period had the trial court ordered Daffeh to pay any amount of direct victim restitution, let alone as a condition of his probation. Indeed, the prosecutor had done nothing to pursue a restitution claim or even advise Daffeh that a claim existed.

In October 2021, Daffeh filed a petition for dismissal under section 1203.4, alleging that he was entitled to dismissal of the charges because he had fulfilled the conditions of his probation for the entire probation period.

In February 2022, the probation department recommended that Daffeh's petition be granted, confirming that Daffeh "met all the terms of his/her probation grant[,]" he had not committed any offenses after being placed on probation, and "*victim restitution was not ordered*." (Italics added.)

Nonetheless, at a hearing on June 3, 2022, the prosecutor objected to Daffeh's petition. The prosecutor told the trial court that "[t]he defendant

---

[2] The Felony and Misdemeanor Clerk's Docket and Minutes in the appellate record for the date of Daffeh's plea hearing note Daffeh's no contest plea and the imposition of three years of formal probation. In the fines and fees section of that form, the checkboxes for victim restitution are *not* checked. As discussed later in this opinion, the trial court would subsequently read from a minute order that did purport to reserve victim restitution, but that order does not appear in the record, and neither party attempts to explain this inconsistency.

3

still owes $440 in restitution" even though no such restitution order had ever been entered. The court continued the matter so Daffeh's attorney could contact Daffeh and consider the restitution claim.

At a hearing on June 24, 2022, Daffeh's counsel explained that the prosecutor had given him a "request for victim restitution that was filled out by the victim in January of 2018" for $440, but neither Daffeh nor his counsel had received the request previously. Because the "$440 was never ordered" as a probation condition, Daffeh urged that his petition for dismissal be granted. The trial court asserted: "So I'm looking at the minute order from the date of the plea, which was 2-28 of '18. Victim restitution was reserved. . . . There isn't any further action on this before probation expired. So someone should have taken action on that." The court continued the matter for the parties to brief whether it had jurisdiction to impose restitution after the probation period.

Daffeh filed a "motion opposing the claim for victim restitution." (Capitalization omitted.) He asserted that the trial court lacked jurisdiction to impose restitution after his probation term ended and, even if the court did have jurisdiction, his petition to dismiss should be granted because he had fulfilled the conditions of his probation.

On July 20, 2022—over four years after Daffeh's sentencing and roughly 17 months after his probation had ended—the prosecutor finally filed a motion for victim restitution. The prosecutor contended not only that the trial court retained jurisdiction to order restitution, but that Daffeh's petition should be denied because he had not paid the $440 that he was never ordered to pay.

At a further hearing two days later, Daffeh reiterated that his petition should be granted because "restitution was never requested and never

4

ordered before probation expired, nor was [] Daffeh ever given notice of this 440-dollar amount." The prosecutor insisted that the petition should be denied. The trial court observed that "Number 6 on the minute order says, with a check-box, [']Pay victim restitution of,['] and there's a dollar amount and a line, and it says, [']Reserved, PC1202.4(f).' " Questioning whether a restitution claim could continue indefinitely despite "zero action" taken on it, the court noted that, "as a practical matter, at least in this county, every disposition includes restitution reserved. That's sort of a default position for all." The court again took the matter under submission.

By written order filed on July 28, 2022, the trial court denied Daffeh's petition for dismissal. Daffeh filed a notice of appeal on October 11, 2022, which we filed as timely in light of a representation by Daffeh's attorney that she had not received notice of the court's decision until October 10, 2022.

## II. DISCUSSION

Daffeh's petition for dismissal is governed by section 1203.4, subdivision (a)(1), which reads: "When a defendant has *fulfilled the conditions of probation for the entire period of probation*, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant *shall*, at any time after the termination of the period of probation . . . be permitted by the court to withdraw their plea of guilty or plea of nolo contendere . . . and, in either case, the court *shall thereupon dismiss* the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted,

5

except as provided in [s]ection 13555 of the Vehicle Code [regarding revocation of driver's licenses]." (Italics added.)

This statutory provision is clear. If the defendant "fulfilled the conditions of probation for the entire period of probation," the trial court "shall" allow the defendant to withdraw their guilty plea and "shall thereupon dismiss the accusations or information." (§ 1203.4, subd. (a)(1).) Dismissal in this circumstance is mandatory. (*People v. Seymour* (2015) 239 Cal.App.4th 1418, 1430; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1459; *People v. Chandler* (1988) 203 Cal.App.3d 782, 788 (*Chandler*).)

Here, as the probation department informed the trial court, Daffeh fulfilled the conditions of his probation for the entire probation period. At no time during the probation period had the court ordered Daffeh to pay any amount in victim restitution as a condition of probation. Moreover, Daffeh did not know about the victim's restitution claim and bore no responsibility for his alleged failure to pay that claim before his probation expired. Because his failure to pay victim restitution was the only argument raised against Daffeh's petition for dismissal, the court erred in denying the petition.

Respondent argues that, because the victim had submitted a restitution claim to the prosecutor before Daffeh's no-contest plea and because the trial court "reserved" restitution under section 1202.4, subdivision (f) at the plea and sentencing hearing, Daffeh did not satisfy the conditions of his probation because he failed to pay an amount of which he had no notice before his probation expired and was never ordered to pay. As we shall explain, the argument is unpersuasive. Although the victim had submitted a restitution claim to the prosecutor, the prosecutor did not bring it to the court's or Daffeh's attention and Daffeh was never ordered to pay it. Under these facts,

6

payment of a specified amount of restitution never became a condition of Daffeh's probation before or during his probation period.

<u>No Order Requiring Payment of Amount for Victim Restitution</u>

Proposition 8 granted crime victims a constitutional right to seek and secure restitution from the person convicted of the crime. (Cal. Const., art. I, § 28, subd. (b)(13).) This constitutional right is implemented by section 1202.4. Subdivision (a) of section 1202.4 provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." Accordingly, the trial court "shall order the defendant to pay" "[r]estitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment."

Section 1202.4, subdivision (f) provides that, with exceptions inapplicable here, if "a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims *in an amount established by court order*, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.* The court shall order full restitution." (Italics added.)

Here, there was no "amount established by court order." (§ 1202.4, subd. (f).) Under section 1202.4, subdivision (f)(3), "[t]o the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of *a dollar amount* that is sufficient to fully reimburse the victim or victims for every

7

determined economic loss incurred as the result of the defendant's criminal conduct." (Italics added.) The trial court made no such order at Daffeh's sentencing or during his probation period. Nor could it have done so, because the prosecutor never advised the court of any restitution claim. The court also made no order explicitly stating "that the amount shall be determined at the direction of the court" in a circumstance where "the amount of loss could not be ascertained at the time of sentencing." Nor could it have done so, because the prosecutor had received the victim's restitution claim by the time of sentencing and there was no indication that the loss could not have been ascertained. Moreover, based on the record before us, the court *still has not made any order* requiring Daffeh to pay *any* amount of victim restitution. Without such an order, it cannot be said that Daffeh failed to pay any amount required by the conditions of his probation.

<u>Reserving Restitution Did Not Impose a Probation Condition to Pay</u>

Respondent emphasizes that the trial court "reserved" victim restitution under section 1202.4, subdivision (f). But reserving the issue of victim restitution is not the same as ordering a defendant to pay a certain amount and making that payment a condition of probation. As the court here recognized, the reservation of restitution is routine and does not mean the defendant will necessarily be ordered to pay anything, let alone as a condition of probation. (See *People v. Giordano* (2007) 42 Cal.4th 644, 651-652 [distinguishing a § 1202.4 restitution order from a probation condition imposed under § 1203.1]; *People v. Martinez* (2017) 2 Cal.5th 1093, 1100-1102 [same]; *People v. Koontzy* (2024) 102 Cal.App.5th 268, 275-278 (*Koontzy*) [same].)[3]

---

[3] Even though restitution has been reserved, a restitution order in a specific amount might not ever issue because, for example, the victim might

8

Furthermore, even if announcing that victim restitution was "reserved" constituted the imposition of a probation condition to pay an amount the trial court might later ascertain, at no time was the condition amended to specify an amount for Daffeh to pay. And once his probation period expired, the terms and conditions of his probation could no longer be modified. (§ 1203.3, subds. (a) ["The court has the authority at any time *during the term of probation* to revoke, modify, or change its order of suspension of imposition or execution of sentence," italics added] & (b)(5) [court may modify "the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time *during the term of the probation*," italics added]; see *Koontzy, supra,* 102 Cal.App.5th at p. 278 [observing that probation conditions imposed under section 1203.1 may not be modified after termination of probation].) Simply put, at the time the court ruled on Daffeh's petition, there was no probation condition requiring Daffeh to pay any amount that he had not paid.

In fact, the plain language of section 1203.4 compels the conclusion that Daffeh's petition to dismiss should have been granted. Under section 1203.4, subdivision (a)(1), the trial court "shall" grant relief if the defendant has "*fulfilled* the conditions of probation for the entire period of probation." (Italics added.) In this case, there was nothing more for Daffeh to do to

---

not submit a restitution claim or a claimed loss might not be "a result of the defendant's conduct" (§ 1202.4, subd. (f)). (*Koontzy, supra,* 102 Cal.App.5th at pp. 274–279.) Of course, if the trial court *does* order payment of a specific restitution amount after consideration of the claim and any documentation, the court is authorized to require the defendant to pay that amount as a condition of probation. (§ 1203.1, subd. (a)(3) [court may impose terms and conditions of probation and "shall provide for restitution in proper cases"].) Indeed, doing so incentivizes the defendant to pay. Thus, "[t]he court shall consider whether the defendant as a condition of probation shall make restitution to the victim." (*Id.*, subd. (b); see § 1202.4, subd. (l) [if an order of restitution is issued, it shall be made a probation condition].)

9

"fulfill[]" the reservation of restitution during his probation period. (§ 1203.4, subd. (a)(1).) He was never ordered to pay a specified amount, and he was never told there was a victim restitution claim during his probation period. Indeed, he may have reasonably believed that there would be no restitution claim because the victim recovered his vehicle just six days after it had been stolen. Thus, Daffeh played no role in the amount of restitution remaining unascertained "for the entire period of [his] probation." (§ 1203.4, subd. (a)(1).)

To hold otherwise would make it impossible for a defendant to obtain expungement under section 1203.4 in any case where restitution has been reserved but not ordered before probation ends. While the law and public policy may support an *order* under sections 1202.4 and 1202.46 that the defendant pay even though probation has expired (as we discuss below), there is no suggestion in section 1203.4 that merely the routine pronouncement of victim restitution being reserved would be sufficient *in itself* to deprive the defendant of the relief the Legislature intended under section 1203.4. If anything, our holding today should encourage prosecutors and trial courts to identify and process victim restitution claims within a reasonable time after they are submitted, thereby furthering the victims' restitution rights.

The Cases on Which Respondent Relies Are Inapposite

Respondent relies on *People v. Allen* (2019) 41 Cal.App.5th 312 (*Allen*) and *People v. Covington* (2000) 82 Cal.App.4th 1263 (*Covington*), arguing that statutory expungement is not available until the victim has received complete restitution from the defendant. Those cases are inapposite.

In *Allen* and *Covington*, the trial court had ordered the defendants to pay a specific amount of victim restitution at sentencing as a condition of probation. (*Allen*, *supra*, 41 Cal.App.5th at pp. 317–319; *Covington*, *supra*, 82

10

Cal.App.4th at p. 1265.) The defendants filed expungement motions under section 1203.4 even though they had not paid all the required restitution. (*Allen*, at pp. 317, 320 [seeking discretionary expungement on the ground the defendant had been rehabilitated and was unable to pay the balance of her victim restitution]; *Covington*, at p. 1265 [seeking expungement for fulfilling the conditions of probation, even though the defendant had not paid full restitution as ordered].) The motions were denied because the defendants, by not paying the total amount of restitution that was ordered, had failed to comply with a probation condition. (*Allen*, at pp. 317, 320; *Covington*, at p. 1265.) Those rulings were affirmed on appeal. (*Allen*, at pp. 323–331 [trial court did not violate due process and equal protection by denying the defendant's expungement petitions on the ground she owed victim restitution that she was allegedly unable to pay]; *Covington*, at p. 1271 [defendant not entitled to relief under section 1203.4 where restitution remained unpaid, even though the defendant's financial inability to pay had precluded revocation of probation].) The court in *Covington* observed: "Certainly the rehabilitative purposes of probation, much less the constitutional right of a victim to restitution, would be ill served if the defendant could have his or her conviction expunged without having made up for the victim's losses." (*Covington,* at p. 1270.)

Unlike the defendants in *Allen* and *Covington*, Daffeh was not ordered to pay a specific amount of restitution as a condition of probation. Indeed, neither the trial court nor Daffeh learned about the victim's restitution claim until long after his probation had expired. Thus, Daffeh's failure to pay restitution was not his fault and did not reflect a failure to rehabilitate. And unlike *Allen* and *Covington*, the court here never ascertained any amount of

11

restitution to be paid, and there was no unpaid balance at the time of the hearing on Daffeh's section 1203.4 petition.

Indeed, the chasm between this case and *Allen* and *Covington* illustrates the fatal flaw in respondent's position. It is one thing to deny expungement because a defendant has not complied with an order to pay a specified amount as a condition of probation; it is quite another to deny expungement because the defendant has not paid an amount he was not ordered to pay and did not even know about before his probation expired. Nor does it make sense to say a trial court could impose a probation condition requiring payment of a restitution amount, after probation has expired and without any indication in the plea form or from the court that the defendant would be responsible for paying any amount of restitution, and then find that the defendant did not fulfill that condition during the probation period in which it did not exist.

### A Victim's Constitutional Right to Restitution Is Not Dispositive Here

Respondent argues that direct victim restitution is an obligation that a "defendant constitutionally owes to the victim which can neither be forfeited nor bargained away." (Citing *Allen, supra,* 41 Cal.App.5th at p. 321; *People v. Gross* (2015) 238 Cal.App.4th 1313, 1317–1318 (*Gross*).) Thus, respondent urges, "any statutory irregularities in timing or evidence are subordinate to the victim's constitutional right to receive direct restitution from the defendant," and "the fact that the court did not determine a specific amount of restitution owed until after [Daffeh]'s probation period expired . . . does not mean he has nunc pro tunc fulfilled his probation conditions and is mandatorily entitled to expungement."

Respondent's argument is unconvincing for multiple reasons. First, respondent ignores the fact that the trial court *still has not determined a*

*specific amount of restitution owed.* We are confronted in this case not with a tardy order ascertaining a restitution amount, but with the absence of one.

Second, a crime victim's constitutional right to restitution does not impose on the *defendant* the obligation to obtain the restitution order. It is ironic, at best, for the prosecutor and respondent to trumpet the sanctity of the victim's constitutional right to restitution when it is the prosecutor who has deprived the victim from obtaining it thus far.

Third, the victim's constitutional right to seek and secure restitution can be satisfied without denying Daffeh relief under section 1203.4. Even after the probation period ends, a trial court may issue an *order* requiring the defendant to pay a specific amount of victim restitution under section 1202.46, particularly where restitution had been ordered during the term of probation but the amount was at that time unascertainable.[4] (*People v. McCune, supra*, ___ Cal.5th ___ [2024 Cal. LEXIS 4240, at pp. *2–*32] [where the trial court ordered the defendant at sentencing to pay restitution in an amount to be determined, the probation department filed and served notice of a victim restitution claim during the probationary period, and the defendant's probation was terminated early due to an amendment to section 1203.1, subd. (a), the court retained jurisdiction under section 1202.46 to set the

---

[4] Section 1202.46 states: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." In *People v. McCune* (Aug. 8, 2024, S276303) __ Cal.5th ___ [2024 Cal. Lexis 4240, p. *27, fn. 4] (*McCune*), our high court declined to consider whether section 1202.46 gave a trial court the power to order restitution after termination of probation where the victim's losses "were in fact ascertainable" before probation expired or "where a defendant was not first ordered to pay restitution at sentencing under section 1202.4(f)."

13

restitution amount after the probation period expired]; *Koontzy, supra,* 102 Cal.App.5th at p. 279 [agreeing that a restitution order under section 1202.4 may be imposed after the end of probation pursuant to section 1202.46]; see also *McCune,* at [pp. *20–*23] [distinguishing the setting of a restitution amount after the probation period under section 1202.46 from the modifying of a probation condition after the probation period under section 1203.3].)

Furthermore, once an order has issued to pay a specific amount of victim restitution, the order may be enforced as a civil judgment. (§§ 1202.4, subds. (i) ["A restitution order imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment"] & (l) ["[a]ny portion of a restitution order that remains unsatisfied after a defendant is no longer on probation shall continue to be enforceable by a victim pursuant to Section 1214 until the obligation is satisfied"]; 1214 [victim restitution order is enforceable as a civil judgment]; see also § 1203.1, subd. (a)(3) ["The restitution order shall be fully enforceable as a civil judgment forthwith and in accordance with Section 1202.4"].)[5] Thus, expungement under section 1203.4 does not take away the victim's right to receive restitution from the defendant under sections 1202.4 and 1202.46. (*Gross, supra,* 238 Cal.App.4th

---

[5] Section 1202.46 also recognizes that a victim, the district attorney, or the court on its own motion may request "correction, *at any time,* of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4." (Italics added; see *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751 ["victim restitution is mandatory and a sentence without such an award is invalid"].) Respondent does not contend that this aspect of section 1202.46 supports the trial court's denial of Deffah's petition, and in any event the court did not issue a correction to his sentence. Like our high court in *McCune, supra,* __ Cal.5th ___ [2024 Cal. Lexis 4240, at p. *27, fn. 4], we express no opinion whether section 1202.46 would support a further motion by the prosecutor.

at p. 1321 [dismissal under section 1203.4 does not release the defendant from responsibility for direct victim restitution under section 1202.4].)[6]

Lastly, respondent tells us that expungement of a criminal record under section 1203.4 is an "extraordinary remedy." We are mindful that restitution serves the important purposes of making the victim whole and showing the criminal the harm done to the victim, that section 1203.4 is intended in part to induce compliance with the defendant's restitution obligation, and that the "rehabilitative purposes of probation [and] the constitutional right of a victim to restitution [] would be ill served if the defendant could have his or her conviction expunged without having made up for the victim's losses." (*Covington, supra,* 82 Cal.App.4th at p. 1270.) But in this case, there was no finding of any "victim's losses." (*Ibid.*) No amount of direct victim restitution was ordered as a probation condition or at any time before the court ruled on Daffeh's section 1203.4 petition. Furthermore, Daffeh had no notice of any actual restitution claim until after his probation had ended, and he played no part in the failure to bring that claim to the attention of the court. Whether the section 1203.4 remedy is extraordinary or not, it is appropriate when the statutory requisites are met. They were met here, and the trial court erred.

---

[6] Conversely, the availability of section 1202.46 to order victim restitution after the probation period has ended does not in itself preclude expungement. The trial court could issue a post-probation order for restitution under section 1202.46, but it could not deny expungement by requiring the defendant to perform the impossible task of satisfying a *post-*probation order during "the *entire period of probation*" set by the court. (§ 1203.4, subd. (a), italics added.) While there might be other reasons for denying expungement in specific circumstances – such as the shortening of the probation period by legislation or delays in the ascertainment of the restitution amount due to the acts or omissions of the defendant – those situations are not present here and we express no opinion on them.

## III.  DISPOSITION

The order denying Daffeh's petition for dismissal is reversed.


                                                            CHOU, J.


WE CONCUR:


JACKSON, P. J.


BURNS, J.


(*People v. Daffeh; A166899*)


16

*People v. Daffeh* (**A166899**)

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Laurel S. Brady

Attorneys:

        Karriem Baker, under appointment by the First District Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Catherine A. Rivlin, Supervising Deputy Attorney General, Gregg E. Zywicke, Deputy Attorney General, for Plaintiff and Respondent.